IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>N&G EXPRESS FL, LLC, MUHANNAD ABDEL-HALEEM, AKMED MUKHAMAD MURADOV, GULALI ASLANOV, FRANCIS AGCAOILI, ANNE AGCAOILI, ANTHONY COLES, HBK LOGISTICS, INC., and STEPHANIE SCOTT,<br><br>Defendants. | Civil Action File No. :<br><br>_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Progressive Mountain Insurance Company ("Progressive"), by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

1.  This Complaint stems from a November 19, 2022 motor vehicle accident that occurred on Interstate 65 North in Clark County, Indiana (hereinafter "the Accident").

## PARTIES AND JURISDICTION

2. Plaintiff Progressive is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

3. At the time of the Accident, Defendant N&G Express FL, LLC ("N&G") was a motor carrier organized and existing under the laws of the state of Georgia with its principal place of business in Georgia.

4. N&G may be served via its Registered Agent at 10203 Lexington Farms Drive, Alpharetta, Georgia 30004.

5. Defendant Muhannad Abdel-Haleem is an individual and is a resident and citizen of Harris County, Texas.

6. Defendant Abdel-Haleem may be served at 4706 Crawford Street, Houston, Texas 77004.

7. Defendant Akmed Mukhamad Muradov is an individual and is a resident and citizen of Jefferson County, Kentucky.

8. Defendant Muradov may be served at 4005 Windbrook Court, Louisville, Kentucky 40220.

9. Defendant Gulali Aslanov is an individual and is a resident and citizen of Jefferson County, Kentucky.

10. Defendant Aslanov may be served at 7500 Zephyr Court, Louisville, Kentucky 40220.

11. Defendant Francis Agcaoili, individually and on behalf of minor children Lucas and Elanor Agcaoili, is an individual and is a resident and citizen of Orange County, Florida.

12. Defendant Francis Agcaoili may be served at 1255 Selbydon Way, Winter Garden, Florida 34787.

13. Defendant Anne Agcaoili, individually and on behalf of minor children Lucas and Elanor Agcaoili, is an individual and is a resident and citizen of Orange County, Florida.

14. Defendant Anne Agcaoili may be served at 1255 Selbydon Way, Winter Garden, Florida 34787.

15. Defendant Lucas Agcaoili, a minor, is an individual and is a resident and citizen of Orange County, Florida.

16. Defendant Elanor Agcaoili, a minor, is an individual and is a resident of Orange County, Florida.

17. Defendant Anthony Coles is an individual and is a resident and citizen of Harris County, Texas.

18. Defendant Anthony Coles may be served at 14580 Crosby Freeway, Apt. 444, Houston, Texas 77049.

19. At the time of the Accident, Defendant HBK Logistics ("HBK") was a motor carrier organized and existing under the laws of the state of Missouri with its principal place of business in Kansas City, Missouri.

20. HBK may be served via its Registered Agent, Legalinc Corporate Services, Inc. at 12747 Olive Blvd., Suite 300A, St. Louis, Missouri 63141.

21. Defendant Stephanie Scott is an individual and is a resident and citizen of Cook County, Illinois.

22. Defendant Stephanie Scott may be served at 3501 Chestnut Drive, Hazel Crest, Illinois 60429.

23. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

24. This action is currently ripe for adjudication and involves a question of actual controversy between the parties.

25. This Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 and , 28 U.S.C. § 1332, because the

Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims for coverage under the insurance policy issued by Progressive to N&G occurred within this District.

## FACTUAL BACKGROUND

### I. History of The Dodge

27. Defendant Muradov owned the 2022 Dodge Ram 4500 pickup truck (VIN 3C7WRLEL8NG137794) ("the Dodge") that Defendant Abdel-Haleem was operating at the time of this Accident.

28. At all times relevant to this Action, Defendant Muradov owned the Dodge.

29. Before this Accident, Defendant N&G had custody, control, and possession of the Dodge.

30. Before this Accident, Defendant N&G was using the Dodge in its business.

### II. N&G's Policy With Progressive

31. On or about July 20, 2022, N&G applied for insurance coverage with Progressive. A true and correct copy of N&G's application for insurance coverage with Progressive is attached hereto as **Exhibit A.**

32. N&G is the named insured on the application for insurance coverage with Progressive. See **Exhibit A.**

33. In N&G's application for insurance coverage with Progressive, N&G listed only one (1) vehicle, to wit, a 1998 Freightliner, (VIN: 1FUYSCYB9WL808240) ("1998 Freightliner"). See **Exhibit A.**

34. In N&G's application for insurance coverage with Progressive, N&G listed only one (1) trailer, to wit, a 2020 Transcroft trailer, (VIN: 1TTE533A9L3144490) ("2020 Transcroft"). See **Exhibit A.**

35. In N&G's application for insurance coverage with Progressive, N&G listed only one (1) driver, to wit, Eric Dantin. See **Exhibit A.**

36. In N&G's application for insurance coverage with Progressive, N&G declared that no persons other than those listed in the application are expected to operate, even occasionally, the vehicle described in the application. See **Exhibit A.**

37. In N&G's application for insurance coverage with Progressive, N&G answered, "Yes" to the question, "Does this quote include all vehicles owned and operated in your business?" See **Exhibit A.**

38. On or about July 20, 2022, Progressive issued a policy of insurance to N&G, Policy Number 959926597 ("N&G Policy"). A certified copy of the N&G Policy is attached hereto as **Exhibit B.**

### IV. The November 19, 2022 Accident

39. On or about November 19. 2022, Defendant Abdel-Haleem was operating the Dodge northbound on Interstate 65 in Clark County, Indiana when he was involved in a motor vehicle accident with Defendants Francis Agcaoili, Anne Agcaoili, Anthony Coles, HBK Logistics, Inc., and Stephanie Scott.

40. Defendant Abdel-Haleem was pulling a trailer owned by Defendant Aslanov (VIN: unknown) ("the Trailer") at the time of the Accident.

41. Defendant Muradov owned the Dodge at all times relevant to the Accident.

42. Defendant Aslanov owned the Trailer at all times relevant to the Accident.

43. As of result of the Accident, Defendants Francis Agcaoili, Anne Agcaoili, Anthony Coles, and Stephanie Scott have made claims against Progressive and Defendants Abdel-Haleem and N&G.

## THE PROGRESSIVE N&G POLICY

44. At the time of the Accident, N&G was insured by the Progressive Policy with a policy period of July 31, 2022 through July 31, 2023 and having combined single liability limits of $1,000,000.00. See **Exhibit B**.

45. Pursuant to Part I of the N&G Policy, it provides liability coverage for bodily injury or property damage that an "insured" becomes legally responsible to pay because of an accident arising from the use of an "insured auto."

46. Part I.A. of the Progressive Policy defines an "insured" as the Named Insured (N&G) with respect to an "insured auto" and others including, subject to certain exceptions, any person using an "insured auto" that N&G owns, hires, or borrows if that use was with the permission of N&G and within the scope of that permission.

47. The GENERAL DEFINITIONS Section and Part I.B.3 of the N&G Policy defines an "insured auto" as including any auto specifically described in the policy's declarations page, a replacement auto, or a "temporary substitute auto."[1]

48. The GENERAL DEFINITIONS Section of the N&G Policy defines a "temporary substitute auto" as an auto used with the owner's permission as

---

[1] These definitions contained in the main body of the policy are amended or supplemented by definitions contained in policy endorsements or forms 4881 GA and form Z228; however, the language contained in these endorsements does not change the analysis contained herein.

temporary substitute for an "insured auto" that has been withdrawn from normal use due to breakdown or repairs.

49. At the time of the Accident, the Dodge was not scheduled (i.e. specifically described) on the declarations page of the N&G Policy. See **Exhibit B.**

50. At the time of the Accident, N&G had only one (1) vehicle listed on the N&G Progressive Policy, the 1998 Freightliner. **Exhibit B.**

51. At the time of the Accident, the Dodge was not used by N&G as a replacement auto or "temporary substitute auto."

52. At the time of the Accident, N&G had only one (1) driver listed on the N&G Progressive Policy, Eric Dantin. See **Exhibit B.**

53. The Dodge operated by Defendant Abdel-Haleem at the time of the Accident is not an "insured auto" under the GENERAL DEFINITIONS Section and Part I.B.3 of the N&G Policy because it was not scheduled on the declarations page to the N&G Policy, was not a replacement auto, and was not a temporary substitute for one of N&G's insured autos that had been withdrawn from normal use due to breakdown or repairs.

54. Abdel-Haleem does not qualify as an "insured" under the N&G Policy because he was not using an "insured auto" with the permission of N&G at the time of the Accident.

55. N&G does not qualify as an "insured" under the N&G Policy because the Accident did not involve an "insured auto" as defined by the N&G Policy.

56. No defendant herein named qualifies as an "insured" under the N&G Policy because the Accident did not involve an "insured auto" as defined by the N&G Policy.

57. Any alleged liability for the Accident is therefore not covered under the N&G Policy because the Dodge was not an "insured auto" and none of the Defendants are "insureds."

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment on N&G Policy)**

58. Progressive restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

59. When N&G applied for insurance coverage with Progressive on or about July 27, 2020, N&G was using the Dodge in its business.

60. When N&G applied for insurance coverage with Progressive on or about July 27, 2020, N&G failed to disclose to Progressive that N&G was using the Truck in its business.

61. The Truck has never been listed as a scheduled auto under the N&G Policy.

62. At the time of the Accident, the Truck was not a replacement auto under the N&G Policy.

63. At the time of the Accident, the Truck was not a "temporary substitute auto" under the N&G Policy.

64. At the time of the Accident, the Truck did not qualify as an "insured auto" under the Progressive Policy.

65. At the time of the Accident, the Defendants named herein this Complaint, including but not limited to N&G and Abdel-Haleem, did not qualify as an "insured" under the N&G Policy.

66. Based upon the foregoing, at the time the Accident there was no coverage under the N&G Policy in favor of N&G, Abdel-Haleem, or any of the other Defendants named herein this Complaint.

67. Progressive submits that no duty exists under its policy issued to N&G to defend or indemnify N&G or any other party for the claims alleged against them as a result of the Accident because, among other things, N&G failed to disclose that it was using the Truck at the time it applied for insurance coverage with Progressive, the Truck was not a scheduled auto, and the Truck does not otherwise qualify as an "insured auto" under the Progressive Policy.

68. Based on the clear and unambiguous language of the N&G Policy, Progressive submits a judiciable controversy exists as to whether a duty exists to defend and indemnify N&G or any other party for any of the claims asserted and damages suffered as a result of the Accident. Progressive asserts it is not responsible for and does not owe defense or indemnity for any claims arising from the Accident.

**WHEREFORE,** Progressive respectfully requests that this Court:

a. Enter judgment that the Progressive N&G Policy does not provide coverage for any claims arising from the Accident;

b. Enter judgment that Progressive is not obligated to defend any party to this action;

c. Enter judgment that Progressive is not obligated to indemnify any party to this action;

d. Enter Judgment settling and affording relief from uncertainty and insecurity with respect to Progressive's rights, status, and other legal relations in this matter; and

e. Award Progressive any other relief to which it may be entitled.

[DATE AND SIGNATURE ON FOLLOWING PAGE]

This 17th day of November, 2023

                          MOSELEY MARCINAK LAW GROUP, LLP

                          */s/ Blair J. Cash*
                          Blair J. Cash, Esq.
                          Georgia Bar No.: 360457
                          blair.cash@momarlaw.com
                          Anna K. Beaton, Esq.
                          Georgia Bar No. 421320
                          anna.beaton@momarlaw.com
                          *Attorneys for Plaintiff Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
(470) 480-7259 (fax)